

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00124-CV

CAROL KEETON POOL, APPELLANT

V.

JAMES HIRAM POOL, APPELLEE

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV11-1167, Honorable Graham Quisenberry, Presiding

June 25, 2015

## ORDER

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the motion of appellant, Carol Keeton Pool, challenging the trial court's orders sustaining contests to her affidavit of indigence. The orders were signed on May 11, 2015. The motion contesting those orders was mailed on May 19, 2015. *See* TEX. R. APP. P. 20.1(j)(2) (stating that a motion challenging an order sustaining a contest must be filed within 10 days of the date the order was signed or 10 days after the notice of appeal is filed, whichever is later). Because that motion was received by this court on May 27, 2015, the motion was timely filed. *See* TEX. R.

APP. P. 9.2(b)(1) (stating that a document received within 10 days after the filing deadline is considered timely if sent to the proper clerk by the United States Postal Service, was placed in an envelope or wrapper properly addressed and stamped, and was deposited in the mail on or before the last day for filing). Because no action was taken upon the motion within 10 days, it was deemed granted by operation of law. *See* TEX. R. APP. P. 20.1(j)(4) (stating that if the appellate court does not deny the motion within 10 days after it is filed, the motion is granted by operation of law). Thus, orders sustaining the contests to the prior affidavit of indigence filed by appellant are reversed, and appellant is granted leave to prosecute this appeal at this time without payment of costs. *See* TEX. R. APP. P. 20.1(n) (defining costs as a filing fee and the charges for preparing the appellate record).

The clerk's record was filed on April 28, 2015. The reporter's record remains outstanding due to the dispute regarding appellant's status as an indigent. We now set the deadline by which the reporter must file that record at July 23, 2015. Furthermore, appellant is not obligated to pay for the preparation of the reporter's record at this time. However, we define the reporter's record involved as that memorializing the evidence and argument proffered at each hearing conducted upon the "Amended Petition for Enforcement of Property Division and Petition for Enforcement or Access" filed by James Pool on August 29, 2014.[1]

---

[1] Via the amended petition, James Pool apparently sought to enforce the terms of a prior divorce decree. At this time we hold that any hearings resulting in the rendition of that prior decree are not part of the appellate record pertaining to the appeal at bar, and the court reporter is under no obligation to transcribe them. We so clarify the extent of the reporter's record because various allegations contained in documents filed by appellant can be read as effort to attack the validity of the prior divorce decree that has long since become final and unappealable.

Since the date upon which appellant's challenge to the trial court's orders were granted via operation of law, counsel for James Pool filed a memorandum addressing appellant's status as an indigent. Though one would think the matter of indigence is settled once the initial determination is made, applicable rule of procedure suggests otherwise. Rule 20.1(m) of the Texas Rules of Appellate Procedure states that if a party who has proceeded in the appellate court without having to pay costs "is later able to pay some or all of the costs, the appellate court may order the party to pay costs to the extent of the party's ability." TEX. R. APP. P. 20.1(m). This language implicitly grants us the authority to continually monitor an appellant's status as an indigent.

More importantly, in the memorandum filed by James Pool, there appear allegations about appellant 1) having the means to previously retain private legal counsel, 2) owning unencumbered realty having a value of at least $350,000, 3) possessing retirement funds of a value approximating $165,000, and 4) owning other miscellaneous property valued at $50,000. None of these allegations, however, were verified or accompanied by competent evidence. Yet, appellant's own affidavit of indigence tends to support the allegation that she owns realty of high value; that is, she attested therein of having a monthly property tax expense of $4,587.

Due to the allegations contained in the memorandum of James Pool and appellant's own affidavit of indigence, we order appellant, Carol Keeton Pool, to file with the clerk of this court another affidavit of indigence addressing each category itemized in Texas Rule of Appellate Procedure 20.1(b). So too must she include in the affidavit her attestation as to the market value of all property (real and personal) she owns. That affidavit must be filed with the clerk of this court on or before July 10, 2015. Any reply

or response to that affidavit that James Pool may care to file must be so filed with the clerk of this court by July 20, 2015 and accompanied by verification or competent evidence supporting the allegations therein. Thereafter, the court will re-visit the matter of appellant's status as an indigent and determine whether to order her to pay costs to the extent of her ability. We reiterate, though, that she is currently deemed an indigent entitled to prosecute this appeal without the payment of costs.

It is so ordered.


Per Curiam